**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO: 1:20CR290 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE PATRICIA A. GUAGHAN |
| vs. | : | MAG. JUDGE THOMAS M. PARKER |
| | : | |
| DEVON POLAND, | : | **BRIEF IN SUPPORT OF BOND** |
| | : | |
| Defendant. | : | |

Magistrate Judge Richard Lanzillo released Devon Poland on bond, finding "that the history and characteristics of this Defendant, including his family ties, his employment history, length of time in the community, his minimal involvement with the criminal justice system, and the absence of evidence of any drug or alcohol abuse weigh in favor of release on conditions and under a $20,000 unsecured bond." 6/11/20 Detention Hr'g Tr. at 3. Judge Lanzillo concluded that "[a]ny danger to the community and the risk of non-appearance are mitigated by appropriate conditions of release, including the imposition of home detention with electronic monitoring and the placing of this Defendant in the custody of Heather Gilbert, the Defendant's mother." *Id.*

The law and evidence show that Judge Lanzillo's decision was correct. And Mr. Poland has complied with all conditions of his bond since that decision. This Court should continue his release on the same conditions.

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably

1

assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(1)) (alteration in *Stone*). There is no presumption of detention in this case, and the government thus bears the burden of production and persuasion. When the government contends that no conditions will reasonably assure the safety of the community, it must prove its claims by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

The Court must impose the least restrictive conditions necessary to reasonably assure the person's appearance as required and the community's safety. *See* 18 U.S.C. § 3142(c). The statute lists thirteen specific conditions that the Court may impose, 18 U.S.C. § 3142(c)(1)(B)(i) - (xiii), plus "any other condition that is reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B)(xiv).

This Court summarized the underlying allegations here in its order denying the government's motion to detain Brandon Long, Mr. Poland's codefendant. *See* R. 19-1, Order on Government's Motion for Detention. Those allegations did not establish a risk of danger or non-appearance. As the Court noted, Mr. Long and Mr. Poland allegedly "came to Cleveland ostensibly to loot and engage in destructive behavior." *Id.* at 5. But even under the government's version of events, those were only "their stated plans. Absent from the government's proffered evidence is any indication that [Mr. Long] did anything to follow through on what he had messaged about." *Id.* The government has not alleged "a single violent or destructive act that defendants committed or attempted to commit while in Cleveland." *Id.* at 4. Regarding Mr. Poland specifically, Judge Lanzillo went a step further. He noted that the "offense charged indicate that one or both of the Co-Defendants may have intended to fashion and potentially even use a Molotov cocktail, but added that "the evidence regarding that intent, at least as to Mr. Poland, I find not to be particularly strong." 6/11/20 Detention Hr'g Tr. at 3.

Mr. Poland's history and characteristics provide only further reasons to continue his release on bond. His most serious prior offense is a traffic ticket. He has never missed a court appearance. He is a lifelong resident of the Western District of Pennsylvania, where his mother and girlfriend also live. He has been employed through the local Steam Fitters Union until he was laid off due to the COVID-19 pandemic in February, and he is waiting to be called back to work. Under Judge Lanzillo's release order, he is serving home detention under his mother's custody in Girard, Pennsylvania, a town between Erie and the Ohio border and less than 1 ½ hours from Cleveland. He has complied with all conditions of his release.

There is no basis to conclude that Mr. Poland is a nonappearance risk or a danger, much less by clear and convincing evidence. The Court should maintain his release on bond.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928


*/s/TIMOTHY C. IVEY*
Assistant Federal Public Defender
Ohio Bar:  0039246
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: timothy_ivey@fd.org